## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**GERARDA DEL ANGEL,**
an individual, and **DOMINGO**                                   Case No.
**JACINTO,** an individual,
        Plaintiffs,                          HON.

v.

**1st TOP QUALITY MAINTENANCE, LLC**
a Michigan Limited Liability Company, and
**SALAS ELEASAR**, an individual,

        Defendants.

_____/

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Victoria L. Smalley (80179)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

_____/

## PLAINTIFFS' ORIGINAL COMPLAINT

### INTRODUCTION

1.     This is a civil action brought by Plaintiffs, Gerarda Del Angel and Domingo Jacinto, to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. and in the alternative, the Michigan Workforce Opportunity Wage Act ("WOWA"), M.C.L.A. § 408.411, et seq. for Defendants' failure to pay Plaintiffs the required overtime premium for all hours they worked in excess of forty hours per workweek.

2. During the period of the parties' employment relationship, Defendants misclassified Plaintiffs as exempt employees and failed to pay them overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

3. Defendant Eleasar actively misled Plaintiffs about their rights to receive payment at a rate of time-and-one-half the regular rate of pay for their hours of overtime worked by repeatedly informing Plaintiffs that they were not entitled to overtime because they were salary employees and thus exempt from the FLSA.

4. When Plaintiffs ceased working for Defendants, they were still owed one paycheck.

5. Defendants withheld $200 from that paycheck claiming Plaintiffs had not completed satisfactory work.

6. Plaintiffs seek a declaration that their rights were violated, an award of unpaid wages, an award of liquidated damages, and an award of attorney's fees and costs to make them whole for damages suffered.

7. Additionally, as to Plaintiff Del Angel, this also includes an action under the Elliot-Larsen Civil Rights Act, *et seq.*, to correct the unlawful employment practices on the basis of sex and to provide appropriate relief to Plaintiff Del Angel.

8. Defendants unlawfully discriminated against Del Angel and subjected her to lower pay because of her sex.

9. Plaintiff Del Angel seeks a declaration that her rights were violated, an award of unpaid wages and an award of attorney's fees and costs to make them whole for the damages suffered.

## JURISDICTION & VENUE

10.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

11.    Defendants' employees engage in interstate commerce; therefore, they are covered by the FLSA on an individual basis.

12.    The Court has supplemental jurisdiction over the state law claim asserted herein pursuant to 28 U.S.C. § 1367.

13.    Supplemental jurisdiction is appropriate because Plaintiff Del Angel's state law claim shares a common nucleus of operative fact with Plaintiff's federal claim and are most efficiently resolved together in one court.

14.    This Court has supplemental jurisdiction under 28 USC §1367 to address the claim brought under Michigan's Elliott-Larsen Civil Rights Act because they are so related to the federal law claims that they form part of the same case or controversy.  Defendant business at all times relevant had its principal place of business located in Macomb County, Michigan, within the United States Judicial District of the Western District of Michigan.

15.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## PARTIES

16.    Plaintiffs are individual residents of the County of Kent, state of Michigan.

17.    Plaintiffs began working for Defendants approximately February 2016.

18.    Plaintiff Gerarda Del Angel has executed her consent to sue form, attached hereto as *Exhibit A*.

19.    Plaintiff Domingo Jacinto has executed his consent to sue form, attached hereto as *Exhibit B*.

20. Defendant 1st Top Quality Maintenance, LLC, is a Michigan limited liability corporation located in Macomb County, Michigan, and whose address is or was at all relevant times 5223 Streefkerk Dr., Warren, Michigan 48091, and whose resident agent is Malak Megalli.

21. Defendant Salas Eleasar is an individual resident of the County of Macomb, state of Michigan, and who was at all relevant times the Area Manager of Defendant 1st Top Quality Maintenance, LLC and who made all of the decisions relating to Plaintiffs' hiring, compensation, and hours worked.

22. At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

23. At all material times, Defendant business has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

24. Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

25. Defendants underpaid Plaintiffs by failing to to pay Plaintiffs the required overtime premium for all hours they worked in excess of forty hours per workweek.

## PLAINTIFFS' WORK HISTORY WITH DEFENDANT

26. Plaintiffs incorporate by reference the preceding paragraphs as though set forth fully herein.

27. Plaintiffs were hired in February 2016 to work for Defendants' various cleaning contracts around the Grand Rapids area.

28. Plaintiffs were assigned to clean Menards on 54th and Clyde Park.

29.    Plaintiffs communicated with Defendant Eleasar regarding their employment. He was their primary contact/supervisor for Defendant 1st Top Quality Maintenance.

30.    As janitorial staff, Plaintiffs worked six to seven days a week.

31.    Plaintiffs typically worked

>    Monday-Friday: 9:00 p.m. - 5:00 a.m.;

>    Saturday: 9:00 p.m. - 7:00 a.m.; and

>    Sunday: 8:00 p.m. - 5:00 a.m.

32.    Plaintiffs would arrive early in order to complete pre-shift work which included but was not limited to, getting gas for the machines they used to clean and cleaning the cart area before the employees left.

33.    Plaintiffs' pre-shift work required Plaintiffs to arrive at work 15-30 minutes early every day.

34.    Plaintiffs were not compensated for their pre-shift work.

35.    Plaintiffs were required to complete pre-shift work in order to complete their job duties.

36.    Plaintiffs worked 55 hours per week for approximately two months.

37.    Starting in March 2016, Plaintiffs worked approximately 49 hours a week.

38.    Plaintiffs were responsible for various janitorial tasks including cleaning the bathrooms, washing and polishing the floors and taking out the trash.

39.    Plaintiffs did not receive overtime compensation and were repeatedly told by Defendant Eleasar that they were not entitled to overtime as they were paid salary and not hourly.

40.    On or about June 2016, Plaintiffs were informed by Defendant Eleasar that the hours they were required to work in a week would be increased.

41.    Plaintiffs informed Defendant they would cease employment in two weeks.

42. Plaintiffs stopped working for Defendants on or about June 14th, 2016.

43. When Plaintiffs received their last paychecks, they were $200 less than what was owed.

44. Defendant Eleasar withheld $200 of Plaintiffs' pay because he claimed they had not adequately performed their duties.

45. Plaintiff Del Angel was paid $1,050 every two weeks until the last three weeks she was employed, at which time her pay increased to $1,150.

46. Plaintiff Jacinto was paid $1,150 every two weeks.

47. After two months of employment, Plaintiff Jacinto was paid $1,200 every two weeks.

48. Defendants did not deduct the appropriate withholding deductions from the Plaintiffs' paychecks.

49. Defendant Eleasar told Plaintiffs that Defendant 1st Top Quality was going to pay for their taxes and for them not to worry about it.

50. Defendants would pay Plaintiffs every other week, but withheld the checks for one week after the conclusion of the pay period.

51. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rates for time worked over forty (40) hours per week as required by the FLSA and WOWA.

## WILLFUL VIOLATION OF FLSA

52. Paying Plaintiffs a salary instead of an hourly wage was utilized by the Defendants to subvert its obligations under state and federal wage law.

53. Defendants used salary compensation as an attempt to circumvent its obligation to pay Plaintiffs the overtime premium compensation as required under the FLSA by misclassifying them as an exempt employees.

54.     Defendants knew or should have known that simply classifying Plaintiffs as exempt employees, and compensating them with a salary wage was not sufficient under the law to exempt them from an overtime premium.

55.     Plaintiffs were told by Defendant Eleasar that as a salaried employee, they were required to work until all the assigned tasks were completed.

56.     Defendants actively misled Plaintiffs as to their rights to receive overtime compensation.

57.     Defendants failed to post a notice of the FLSA's minimum wage provisions as required by 29 C.F.R § 516.4.

58.     Plaintiffs were misled as to their rights to receive overtime premiums for all hours worked in excess of forty hours per week due to the following:

   a.   Defendants misclassifying them as an exempt employee's seemingly not entitled to an overtime premium by salary compensation instead of hourly compensation;

   b.   Defendant Eleasar told Plaintiffs that salaried employees were not entitled to overtime pay; and

   c.   Defendants failed to post the required notice of rights to minimum and overtime wage rates in order that Plaintiffs not be informed of their rights to overtime pay.

59.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## MISCLASSIFICATION AS AN EXEMPT EMPLOYEE

60.     Defendants determined the hourly rate of pay and the salary of the Plaintiffs.

61. Plaintiffs' primary job duties were cleaning bathrooms, cleaning and waxing the floors and taking out the trash.

62. Defendant Eleasar scheduled Plaintiffs to clean the Menards location from 8:00pm or 9:00pm until they were done cleaning, seven days a week.

63. Plaintiffs had no control over their job duties, when they worked or how they were compensated.

64. Plaintiffs had no opportunity to make a profit above the salary paid them by the Defendants.

65. Plaintiffs were directly supervised by Defendant 1st Top Quality Maintenance, LLC and Defendant Eleasar.

66. Defendants controlled the manner in which the Plaintiffs performed their work.

67. Plaintiffs worked exclusively for Defendants during the period of time at issue.


## DEFENDANTS' RETALIATION

68. Plaintiff Del Angel and Jacinto, through their retained counsel, demanded from Defendants wages owed pursuant the the FLSA on July 8, 2016.

69. On July 20, 2016 at approximately 5:24 p.m., Plaintiff Jacinto received a call from Defendant Eleasar. This was the first contact either Plaintiff had received from Defendant Elesar since the conclusion of their employment. *Exhibit C,* Call Log.

70. Defendant Elesar threatened Plaintiffs and told them they should be careful because the business's attorney could cause problems for them.

71. Defendant Elesar told Plaintiff Jacinto that as Plaintiffs left early from shifts and did not perform their jobs properly, that they could end up going to jail as they were paid for hours not worked.

72.   Defendant Elesar even went as far as to reference another employee who was allegedly in jail and would be deported once his sentence was served.

73.   Defendant Elesar warned Plaintiffs to be very careful as they could end up in jail as well.

74.   Defendant Eleasar threatened and warned Plaintiffs in an effort to convince the Plaintiffs to drop the current suit.

75.   Defendants' call and threats to the Plaintiffs were in direct retaliation of Plaintiffs addressing their overtime compensation.

76.   Defendants' attempted to intimidate the Plaintiffs after they had retained counsel and were in the process of pursuing their claims under the FLSA.


## SEX DISCRIMINATION AS TO PLAINTIFF DEL ANGEL

77.   Plaintiff Del Angel was paid $1,050 every other week.

78.   Plaintiff Jacinto was paid $1,150 every other week.

79.   Plaintiff Del Angel performed the same tasks as Plaintiff Jacinto, she worked the same hours as Jacinto, had the same experience and performed tasks at the same level as Jacinto.

80.   Despite the fact that Del Angel's work was identical to Jacinto's, Defendants paid Plaintiff Del Angel less than Plaintiff Jacinto.

81.   Plaintiff Del Angel inquired as to why she was paid less and Defendants did not give her a reason.

82.   Instead, Defendants increased her pay to be the same as Plaintiff Jacinto's for her the last three weeks.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq.,
## FAILURE TO PAY OVERTIME

83.   Plaintiffs incorporate by reference the preceding paragraphs as though set forth fully herein.

84.   At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

85.   Plaintiffs were "employees" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

86.   Defendants "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs as defined by the FLSA.

87.   Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

88.   Defendant 1st Top Quality Maintenance is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

89.   Defendants violated the FLSA by failing to pay Plaintiffs an overtime premium for all hours worked in excess of 40 hours per workweek.

90.   Defendants' violations of the FLSA were knowing and willful.

91.   As a result of Defendants' violation, Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §215(a)(3)
## DEFENDANTS' UNLAWFUL RETALIATION

92.   Plaintiffs reallege and incorporate herein all previous paragraphs.

93.      Defendant Eleasar, an agent acting on his own behalf and on behalf of the Defendant 1st Top Quality Maintenance, has threatened Plaintiffs with jail time and deportation and has taken action in retaliation of Plaintiffs addressing their overtime compensation.

94.      Defendant Eleasar contacted Plaintiffs in an attempt to threaten, harass and intimidate Plaintiffs.

95.      Defendant Eleasar's threats, harassment, and intimidation constitutes unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

96.      Defendants knowingly, willfully, maliciously, intentionally and without justification acted to deprive Plaintiffs of their rights.

**COUNT III**
**VIOLATION OF THE MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT**
**FAILURE TO PAY OVERTIME - IN THE ALTERNATIVE**

97.      Plaintiffs hereby incorporate and reallege all the paragraphs above.

98.      The Michigan's Workforce Opportunity Wage Act, makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A. § 408.411, et seq.

99.      Defendants were an "employer" as defined under the WOWA at all relevant times.

100.     Plaintiffs were "employees" as defined under the WOWA at all relevant times.

101.     Defendants regularly suffered or permitted Plaintiffs to work more than forty (40) hours per workweek.

102.     Defendants did not pay Plaintiffs one-and-a-half times their regular hourly rate for the hours worked in excess of forty hours in a workweek as mandated by Michigan law pursuant to M.C.L. § 408.414a.

103. The WOWA provides that as a remedy for a violation of the Act, an employee is entitled to overtime compensation and an equal additional amount as liquidated damages together with costs and such reasonable attorney fees.

104. Plaintiffs are therefore entitled to their unpaid overtime wages as well as an equal amount as liquidated damages.

105. Pursuant to the WOWA, Plaintiffs are also entitled to costs and a reasonable attorney's fee.

## COUNT IV
## VIOLATION OF MCL § 37.2101
## SEX DISCRIMINATION AS TO PLAINTIFF DEL ANGEL

106. Plaintiff incorporates by reference all previous paragraphs as if fully stated herein.

107. At all material times, Plaintiff Del Angel was an employee, and Defendants were her employer, covered by and within the meaning of the Michigan Elliot Larsen Civil Rights Act, MCL § 37.2101 et seq.

108. Michigan's Elliott-Larsen Civil Rights Act prohibits discrimination on the basis of sex.

109. Plaintiff's sex was at least one factor that made a difference in the Defendants' decision to pay her less than her male counterpart.

110. If Plaintiff had been of a different sex, she would have made the same amount as Plaintiff Jacinto.

111. Defendants, through its agents, representatives and employees, was predisposed to discriminate on the basis of sex and acted according to that predisposition.

112. Defendants, through its agents, representatives and employees, treated Plaintiff Del Angel including discrimination in employment on the basis of pregnancy and medical conditions related

to pregnancy. MCL § 37.2102, § 37.2201, § 37.2202. differently based on unlawful consideration of sex.

113. The effect of the practices complained of in the paragraphs above has been to deprive the Plaintiff Del Angel of equal employment opportunities and otherwise adversely affected her status as an employee, because of her sex.

114. The unlawful employment practices complained of in the paragraphs above were and are intentional.

115. The unlawful employment practices complained of in the paragraphs above were and are done with malice or with reckless indifference to the federally protected rights of the Plaintiff Del Angel.

116. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff Del Angel has sustained a loss of earnings, earning capacity,has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request the following relief:

A. An Order declaring Defendants willfully violated the FLSA;

B. An Order declaring Defendants unlawfully retaliated against Plaintiffs;

C. An Order declaring Defendants violated the WOWA;

D. An Order granting judgment in favor of Plaintiffs and against Defendants and awarding Plaintiffs the full amount of damages and liquidated damages available to them under the FLSA;

E. Defendants be ordered to pay Plaintiffs an amount greater than $75,000 for violating FLSA's retaliation provision;

F. An Order awarding reasonable attorney's fees and costs incurred by Plaintiffs under the FLSA as provided by statute;

G. An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the Michigan WOWA as provided by statute;

H. Lost wages for Plaintiff Del Angel, due to the sex discrimination, in whatever amount is found to be entitles;

I. Punitive and exemplary damages that commensurate the wrong against Plaintiff Del Angel;

J. An Order awarding pre- and post-judgment interest to Plaintiffs on these damages; and

K. An Order awarding such other and further relief as this Court deems appropriate.


Dated: February 10, 2017                       Respectfully Submitted,


                                               _/s/   Robert Anthony Alvarez_____.
                                               Robert Anthony Alvarez (P66954)
                                               Attorney for Plaintiffs
                                               Avanti Law Group. PLLC
                                               600 28th Street SW
                                               Wyoming, MI 49509
                                               (616) 257-6807
                                               ralvarez@avantilaw.com


**THIS SPACE IS INTENTIONALLY LEFT BLANK**

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 2 - 6 - 2017

_____
Gerarda Del Angel

Date: 2/8/2017

_____
Domingo Jacinto